69 F.3d 553
 40 Cont.Cas.Fed. (CCH) P 76,838
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
C.J. BETTERS CORPORATION, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5090.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1995.
 
 Before ARCHER, Chief Judge, NEWMAN and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 C.J. Betters Corporation appeals the decision of the Court of Federal Claims, dismissing Betters' complaint and denying recovery on the merits of the claim. We vacate the dismissal, reinstate the decision in Betters I, and remand.
 
 
 2
 Betters was the high bidder in the purchase of an apartment complex at a post-foreclosure auction, from the United States Department of Housing and Urban Development (HUD). The transaction was based on various documents and events, as set forth in the three decisions of the Court of Federal Claims. In C.J. Betters Corp. v. United States, 21 Cl.Ct. 378 (1990) (Betters I ) the court granted summary judgment to Betters on its principal entitlement theory, and to the United States on Betters' alternative entitlement theory. The court held that HUD had breached its representations and contractual warranty, in that HUD had misrepresented the status of the tenant Section 8 certifications and misrepresented that the units would meet the required housing quality standards at the time of closing. Flowing from this contractual breach, the court held that Betters had incurred unreasonable delays and unanticipated costs that Betters had a right not to expect.
 
 
 3
 In C.J. Betters Corp. v. United States, 25 Cl.Ct. 674 (1992) (Betters II ), the Court of Federal Claims established a formula for use in the measurement of damages.
 
 
 4
 In C.J. Betters Corp. v. United States, 30 Fed.Cl. 438 (1994) (Betters III ) the Court of Federal Claims vacated its liability decision in Betters I, stating that Betters in the damages hearing presented a damages theory that contradicted its assertions at the hearing in Betters I. The court then reconsidered Betters I and granted summary judgment to the government, denying Betters' claim in its entirety. This appeal followed.
 
 
 5
 Appellate review of Betters III leads us to the holding in Betters I. On careful review, we conclude that the issue was correctly decided in Betters I. The Court of Federal Claims correctly held that HUD made binding representations concerning the condition of the units and that they met housing quality standards, and concerning the issuance of Section 8 certificates at or shortly after closing. We thus vacate the reconsideration decision in Betters III, and reinstate the decision in Betters I.
 
 
 6
 The merits of the proposed methodology of the measure of damages, and the factual issues of the amount of damages, are not before us. However, liability and entitlement have been established. It is incumbent upon the Court of Federal Claims to determine an appropriate damages award. We remand for that purpose.
 
 
 7
 Costs to Betters.